Boynton, J.
The objections taken by the demurrer to-the amended petition are the same as those made in Neil v. The Board of Trustees of the Ohio Agricultural and Mechanical College, ante, 15. They relate to the defendant’s capacity to sue, to a nonjoinder of necessary parties, to a misjoinder of causes of action, and to the-sufficiency of the facts stated to constitute a cause of action. The questions thus raised are substantially identical in the two cases, and it will appear from what was there' said, that the objections here made were properly overruled. Counsel for the plaintiff' in error, in argument, say : “ Our main contention has been, and still is, that the-court erred in refusing to give the first instruction prayed. for, and in giving the charge it did on the questions embraced in said instructions.” The instruction prayed for-amounted to this: That the subscription and guaranty annexed, having been received and accepted by the defendant-at the same time, on the same consideration, and for the sanie purpose, constituted a joint contract, and Deming' and Neil original, joint promisors; and that inasmuch as-Deming only proposed to become severally bound, and not-jointly, and had no knowledge of, and gave no assent to, the guaranty of the payment of his subscription by Neil,, the character of the obligation he assumed was materially altered without his assent, whereby he was discharged, from all liability thereon. If it be true that the relation of Deming and Neil to the contract of subscription constituted them, in law, joint promisors merely, there would be-much reason to support the proposition, that, under the-facts assumed to exist in the prayer requested, Deming was., discharged from liability by reason of the alteration of the-obligation he contracted. Wallace and Park v. Jewell, 21 Ohio St. 163. But we are all agreed in the opinion that-the respective obligations assumed by Deming and Neil-were several and not joint. The promises made were not-promises by the two to do the same thing, nor to perform the same act. The obligation of the one was principal;, *50 "the other was accessary. Deming agreed, not only with "the college, but with his co-subscribers, that, on compliance by the defendant with the conditions named, that he would pay to the college the sum of $500. Neil undertook that if the trustees would accept Deming’s promise, and comply with said conditions, Deming should perform the promise he had made to pay the sum subscribed. If Deming failed to perform, Neil’s liability to respond in damages at once attached, but as a legal consequence of a breach of his own agreement. The action against him could not be for a breach of a promise to pay, but for a breach of a promise that Deming should pay. The question, in a legal point of view, is not materially different from what it would be, if the principal undertaking had been to erect a dwelling-house, and the surety had guaranteed the performance of the undertaking, Failure to build, in such case, by the principal, would have imposed ■no duty on the guarantor to erect the dwelling. His duty would be to pay the damages resulting from a breach of his undertaking, given for the performance of the obligation of another.
The fact that the board of trustees, in accepting the instrument, supposed that its terms created the joint obligation of Deming and Neil for the payment of Deming’s ■subscription, can not affect the interpretation of the contract. The case does not belong to the class holding oral •evidence to' be competent, to show the relation to the paper, a stranger, who indorsed it in blank at the time of its execution, thereby intended to assume. Champion v. Griffith, 13 Ohio, 228; Robinson v. Abell, 17 Ohio, 36; Seymour v. Mickey, 15 Ohio St. 515. Here there was no blank indorsement. The character of the liability incurred was •defined by clear and decisive language, bringing the case clearly within the rule that requires the relation to be ascertained, and the intention to be gathered, from the terms of the instrument, without the aid of extrinsic evidence. Neil v. The College, ante, 15.
But it is said that the question of the joint character of *51 the obligation sued on is not an open one; and in holding that the subscription and guaranty, although accepted at the same time, and to effect the same object, create several .and not joint obligations, we are not insensible to the fact, that the claim, that the instrument sued on, as a whole, embodies a joint contract to pay the sum subscribed, finds strong color of support in Gale’s Adm’r, v. Van Arman, 18 Ohio, 336, if not in Leonard v. Sweetzer, 16 Ohio, 1.
In the case last cited, Martin bound himself to pay the half of a certain judgment in favor of the Clinton Bank of Columbus agaiust Joseph Leonard and others, and to .save Leonard harmless from all costs. Sweetzer “guar.anteed the fulfillment ” of the contract by Martin. In disposing of the case, the court say : “ We regard the defendant Sweetzer as an original contractor. The paper was executed by himself and Martin, both at the same time, Martin signing first, and Sweetzer connecting with his signature just enough to show that he contracted as surety. Indeed, he is liable in this case precisely as he would have been if he had barely written the word ‘surety’ after his name.” In Gale’s Adm’r v. Van Arman, Van Arman sold and agreed to deliver to Gale, upon the opening of navigation, three cases of brass clocks, each case to contain six clocks. At the same time Hopkins indorsed on the back thereof a guaranty of the “fulfillment of the within contract,” and subscribed his name thereto. In a joint action .against Van Arman and Hopkins, it was said by the court, that the only question presented for determination was whether the action “was properly brought against Van Arman and Hopkins as, joint contractors.” This question the court proceeded to answer, by saying, that “ a majority ■of the court regard the question as settled by repeated adjudication in our own state.” Bright v. Carpenter, 9 Ohio, 139; Stage v. Olds, 12 Ohio, 158, and Leonard v. Sweetzer, supra, were the adjudications relied on as supporting the ruling. Hitchcock, C. J., in a dissenting opinion, reviewed the cases so relied on as sustaining the judgment ■of the court, and others bearing on the question made, and *52 reached a conclusion from them directly adverse to that of the majority of the court.
It is to be borne in mind, that the court, in considering-the joint character of the contracts sued on, in those two cases, was dealing with a question of remedy. The point-in contention involved the right to maintain a joint action against the parties signing the instrument. No question affecting the validity or integrity of the contract by reason-of alteration was involved. No such question was considered. And while it may be true, that under the law existing at that time, and then governing the practice, a joint liability was essential to a joint action, it does not necessarily follow that the court would have held, had the guaranty, in those cases, been taken without the knowledge of the principal makers, that such fact effected their discharge from liability. But however this may be, it is clear to us, upon principle and authority, alike, that where the indorser, at the time of executing his undertaking, prescribes or limits the extent or character of his liability, no construction, of the contract will be adopted which will enlarge his obligation, or change the liability assumed. Bright v. Carpenter, Seymour v. Mickey, supra. This is but conceding to a-party the right to make his own contracts, and to measure the extent of the obligation he is willing to incur. The-application of this rule to the present controversy results-in holding, that the guaranty by Neil of Deming’s debt, although made at the time the debt was contracted, did not constitute them joint promisors, nor effect such an. alteration of Deming’s contract, as operated, in law, to-discharge him from liability.
The demurrer to the second defense was properly sustained. A discharge of a surety by the creditor does not-affect the liability of the principal debtor.
The instruction of the court, that before the plaintiff below could recover, it must be shown that the college was located on the farm of Henry Neil, and adjoining lauds, as proposed at tlie time the subscription was made, just north-of the toll-gate on the Worthington road, was a correct *53 ¡statement of the rule, and was all the defendant had the right to require. It is sufficient to say, of the remaining .assignments of error, that we do not deem them well taken.

Motion overruled.